UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDGE CAPTURE L.L.C. and<br>EDGE SPECIALIST L.L.C.,<br><br>    Plaintiffs,<br><br>v.<br><br>LEHMAN BROTHERS<br>HOLDINGS, INC. and<br>LEHMAN BROTHERS, INC.,<br><br>    Defendants. | No. 08 C 2412<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Edge Capture LLC and Edge Specialist LLC, brought suit against Lehman Brothers Holding, Inc. and Lehman Brothers, Inc., alleging patent infringement. Before the Court is Defendants' motion to dismiss or, in the alternative, to bifurcate the issues of invalidity and unenforceability from infringement and damages issues.

## BACKGROUND

Edge Capture is the owner of United States Patent Nos. 7,177,833 ("patent 833") and 7,251,629 ("patent 629"). Edge Specialists holds exclusive license to the patents, both of which are entitled *Automated Trading Systems in an Electronic Trading Exchange*. Plaintiffs allege that Defendants' "use and/or direct the use of technology to perform automated/algorithmic trading of derivatives and/or underlying securities" infringes on one or more claims of both patents. Plaintiffs seek damages and injunctive relief.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007)(*Bell Atlantic*). Second, the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n. 14).

## ANALYSIS

Defendants argue that Plaintiffs' Complaint fails to meet Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Defendants assert that the Complaint fails to specify which Lehman products or services infringe on the patents. Rather, Plaintiffs' use of the term "automated/algorithmic" is so broad, Defendants argue, that it would encompass any trading that involves the use of a computer.

"The Rule 12(b)(6) pleading requirements for a complaint of infringement cannot be extended to require a plaintiff to specifically include each element of the claims of the asserted patent." *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (*Phonometrics*). Rather, "a patentee need only plead facts sufficient to place the alleged

2

infringer on notice." *Phonometrics*, 203 F.3d at 794. *See also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007) (holding that a complaint that included the elements set out in the form complaint for patent infringement of the Federal Rules of Civil Procedure – (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages – satisfied the pleading requirements). The Complaint states that "[t]he technology and methods of automated trading [used by Defendants] infringe directly and/or indirectly one or more claims of the '833 patent and/or one or more claims of the '629 patent." This statement sufficiently puts Defendants on notice. Further specificity is not required at this stage of the proceedings.

Failing dismissal of the case, Defendants seek to bifurcate the issues of invalidity and unenforceability from issues of infringement and damages and to stay discovery on the latter. Federal Rule of Civil Procedure 42(b) provides that a court may order separate trials on different issues "[f]or convenience, to avoid prejudice, or to expedite and economize." The Seventh Circuit has set out a three-step process to determine whether bifurcation is appropriate:

> "First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy. Only one of these criteria-avoidance of prejudice or judicial economy-need be met before a court can order separation. Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. Finally, separate trials must not be granted if doing so would violate the Seventh Amendment."

*Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999) (internal citations omitted). The party seeking bifurcation "has the burden of showing that judicial economy would be served and the balance of potential prejudice weighs in favor of bifurcation."

*Trading Technologies International, Inc. v. eSpeed, Inc.*, 431 F.Supp.2d 834, 837 (N.D. Ill. 2006) (citing *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000) (*Real*)). "Bifurcation in patent cases, as in others, is the exception, not the rule." *Real*, 195 F.R.D. at 620.

The thrust of Defendants' argument in favor of bifurcation is that Plaintiffs' patents are invalid and unenforceable and that considerable time and resources will be saved if those issues are decided before discovery regarding infringement and damages is allowed to commence. Plaintiffs respond that bifurcation would divide overlapping issues, lead to a longer, more expensive case, remove incentives for settlement and prejudice Plaintiffs.

Whether bifurcating the case is likely to promote judicial economy depends on the likelihood of Defendants prevailing on the issues of validity or enforcement. If Defendants show the patents to be invalid or unenforceable in the first stage of bifurcated litigation, the Court and the parties will have saved the time and expense of conducting discovery with respect to infringement and damages. If, however, the patents are found to be valid and enforceable, the duration of the litigation may exceed what it would have had all the issues been tried together. *See Industrias Metalicas Marva, Inc. v. Lausell*, 172 F.R.D. 1, 5 (D.P.R. 1997).

Defendants have failed to meet the criteria for bifurcation set forth above. At this stage, the Court cannot say that either side is more likely to prevail on the issues of validity and enforcement. While it is true that addressing potentially dispositive issues first could result in a savings of time and resources, bifurcation also risks considerable delay in the final resolution of the case and involves the potential for duplicative use of scarce judicial resources. Therefore, Defendants' motion to bifurcate is denied.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss or, in the alternative, to bifurcate is denied.

Dated: August 28, 2008

JOHN W. DARRAH
United States District Court Judge